IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT OWENSBORO)

4:18-CV-86-JHM

DESTINY R. FEGETT     PLAINTIFF
501 Lilac Road
Leitchfield, Kentucky 42754

v.

GLA COLLECTION CO., INC.     DEFENDANTS
2630 Gleeson Lane
Louisville, Kentucky 40299

    SERVE:    Michael L. Lynch
                    2630 Gleeson Lane
                    Louisville, Kentucky 40299
                    (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

    SERVE:    CSC-Lawyers Incorporating Service Co.
                    421 W. Main St.
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

**VERIFIED COMPLAINT**

Comes the Plaintiff, Destiny Fegett, and for her Verified Complaint against the Defendants, GLA Collection Co., Inc. ("GLA"), and Equifax Information Services, LLC ("Equifax") states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendants' false credit reporting and Defendants' failure to investigate Plaintiff's disputes regarding a false and derogatory GLA tradeline on Plaintiff's credit reports.

## II. PARTIES

2. Plaintiff, Destiny R. Fegett, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 501 Lilac Road, Leitchfield, Kentucky 42754.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, GLA, is a limited liability company organized under the laws of the Commonwealth of Kentucky with its principal place of business located at 2630 Gleeson Lane, Louisville, Kentucky 40299.

5. GLA is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

7. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

9. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Grayson County, Kentucky as a result of the Defendants doing business in Grayson County, Kentucky.

## IV. FACTUAL BACKGROUND

10. In or around February 2018, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed her Equifax credit report and discovered two false and derogatory tradelines furnished by GLA regarding alleged medical collections accounts.

11. Immediately upon her discovery of the reporting of the collections account, Plaintiff disputed the GLA tradeline with Equifax. Specifically, Plaintiff disputed GLA Account No's. 831146001332**** and 918146001259****, stating in her dispute that all fees for those services were paid by Medicaid and/or Passport of Kentucky.

12. In March 2018, Plaintiff received Equifax's dispute results. Despite Plaintiff's lawful request for removal of the GLA tradelines, GLA and Equifax refused to delete the tradelines from Plaintiff's credit report.

13. The Defendants' false credit reporting and their failure to investigate Plaintiff's disputes have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit.

## V. CLAIMS

### Negligence – GLA

14. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 13 as if fully set forth herein.

15. GLA's failure to investigate Plaintiff's dispute and its false reporting to Equifax

regarding the alleged past due accounts were negligent under applicable law.

16. In failing to investigate Plaintiff's dispute and in falsely reporting the alleged past due accounts, GLA breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

17. GLA's failure to investigate Plaintiff's dispute and its false reporting regarding the alleged past due accounts has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

18. GLA's failure to investigate Plaintiff's dispute and its false reporting regarding the alleged past due accounts was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

19. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20. Equifax's failure to properly investigate Plaintiff's dispute and its consequent failure to remove the GLA tradelines from Plaintiff's Equifax credit report, despite Plaintiff's lawful notice to Equifax disputing the tradeline, was negligent.

21. In failing to properly investigate Plaintiff's dispute of the GLA tradelines, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

22. Equifax's negligent failure to properly investigate Plaintiff's dispute of the GLA tradelines and its consequent failure to remove the tradelines from Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation

and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

23. Equifax's failure to properly investigate Plaintiff's dispute of the GLA tradelines and its consequent failure to remove the tradelines from Plaintiff's credit report, despite Plaintiff's lawful dispute to Equifax, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – GLA

24. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. GLA, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax and other currently unknown individuals and/or entities who have accessed Plaintiff's credit reports, that Plaintiff has past due accounts with GLA.

26. GLA's statements were false and were made with conscious disregard for the rights of the Plaintiff.

27. GLA's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due GLA accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

28. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

29. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, GLA and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has

past due accounts with GLA.

30. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

31. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due GLA accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – GLA

32. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 31 as if fully set forth herein.

33. GLA's failure to investigate Plaintiff's dispute and it initial and continuing false reporting to Equifax of Plaintiff's alleged past due GLA accounts are violations of GLA's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

34. GLA's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which GLA is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

35. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36. Equifax's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiffs' credit report are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

37. Equifax's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report within a reasonable time

following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

38. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – GLA

39. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40. GLA's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of Plaintiff's alleged past due GLA accounts, despite GLA's knowledge of the falsity of its reporting, are willful violations of GLA's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

41. Given GLA's knowledge of the falsity of its reporting, GLA's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which GLA is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

42. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 41 as if fully set forth herein.

43. Equifax's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

44. Equifax's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

45. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Destiny R. Fegett, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.


Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
Hemminger Law Office
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
(502) 502-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Destiny R. Fegett, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Destiny R. Fegett

COMMONWEALTH OF KENTUCKY )
) SS
COUNTY OF GRAYSON )

Subscribed, sworn to and acknowledged before me by Destiny R. Fegett this 31st day of May, 2018.

_____
Notary Public

Commission expires: 4/19/19

9